IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE, a victim of sex trafficking,<br><br>                    Plaintiff,<br><br>vs.<br><br>SHANE HARRINGTON d/b/a PARADISE CITY; CARL KRAMER, SR.; JOEY BAUMBACH; and JAY SEDHI HOSPITALITY LLC, a Nebraska limited liability corporation,<br><br>                    Defendants. | Case No. 7:25-cv-5010<br><br><br>**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Jane Doe, Plaintiff in the above-captioned matter, by and through her counsel of record, submits this Brief in Response to this Court's Order to Show and Cause and in Support of Plaintiff's Motion for Leave to File Second Amended Complaint:

**Standard of Review**

Pursuant to FED. R. CIV. P. 15(a)(2), a party may amend her pleading with the opposing party's written consent or the court's leave. Rule 15 instructs that "[t]he court should freely give leave when justice so requires." The United States Supreme Court has explained the purposes of Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of such an apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the

1

leave sought should, as the rules require, be "freely given."[1] Although "parties do not have an absolute right to amend their pleadings, even under this liberal standard[2]," the Court begins its review "with a presumption of liberality."[3]  When considering a motion to amend a complaint to add a new party, a court must still follow the "freely given" standard of Rule 15(a).[4]

The United States Court of Appeals for the Eighth Circuit has written that the "[l]ikelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous."[5]  A court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."[6]

### Application of the Standard of Review

Preliminarily, the undersigned apologizes for not seeking leave to file the Second Amended Complaint.  This error stemmed from the undersigned's mistaken belief that further amendment was

---

[1] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[2] *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).

[3] *DeRoche v. All Am. Bottling Corp.*, 38 F. Supp.2d 1102, 1106 (D. Minn.1998).

[4] *Heglund v. Aitken Cty.*, 2015 WL 13659659 (D. Minn. 2015).

[5] *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999).

[6] *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

permitted if no defendant had served its first responsive pleading.[7]  As she concedes in her Affidavit, the undersigned should have checked the text of Rule 15(a) to be certain, and to avoid creating work for this Court.

The text of this Motion and the supporting Affidavit of Maren Lynn Chaloupka provide context for the filing – errantly without seeking leave – of the Second Amended Complaint.  No Defendant had been served, and no Defendant had filed a first responsive pleading.  But one of HARRINGTON's attorneys had initiated the Rule 11 "safe harbor" process, and another of HARRINGTON's attorneys had levied a separate Rule 11 threat.

They claimed that HARRINGTON did not own Paradise City at the time DOE was trafficked and assaulted there.  But the Confidential Settlement that one of HARRINGTON's lawyers provided, when coupled with Plaintiff's counsel's research, raised more questions than answers.  Plaintiff's counsel requested specific documentation that would bring clarity to HARRINGTON's disclaimer of ownership. HARRINGTON's lawyer replied that HARRINGTON "continues to search for the records you requested," and sent an insurance policy that actually shows HARRINGTON's corporation, Defendant MELTECH, to be the named insured for Paradise City during the dates at issue in the Complaint.  This did not support HARRINGTON's disclaimer of ownership.

---

[7]Having said that, a number of courts have construed the filing of an unauthorized amended complaint as an implied motion for leave to amend, such that a formal motion is not required.  *See, e.g., Marin v. HEW, Health Care Fin. Agency*, 769 F.2d 590, 592-93 (9th Cir. 1985); *Tish v. Magee-Women's Hosp. of the Univ. of Pittsburgh Med. Ctr.*, 2007 WL 1221137, at *2, *5-*8 (W.D. Pa. 2007); *Porche v. Oden*, 2003 WL 21799967, at *1 (N.D. Ill. 2003); *Lash Corp. v. Fisher Hamilton Scientific, Inc.*, 1996 WL 111582, at *3-*4 (W.D.N.Y. 1996).

Still, the undersigned takes any Rule 11 threat seriously.[8] Thus Plaintiff's counsel attempted to cure any potential deficiencies by amending the Complaint and adding parties believed to be in one form of collaboration or another with HARRINGTON; and, the undersigned provided HARRINGTON with the Second Amended Complaint.

The amendments included in the Second Amended Complaint were not brought in bad faith or for dilatory purposes[9]; to the contrary, they were an attempt to address in good faith HARRINGTON's assertions, and to clarify the allegations of the Complaint in anticipation that this Court would soon be asked to determine the sufficiency of the pleadings. No Defendant has filed a first responsive pleading in this matter, and discovery has not yet begun. There is no scheduling order in place yet, and thus no deadlines to be extended in recognition of the amendments. The proposed amendments are thus unlikely to necessitate an eleventh-hour pivot in defense strategy.

**Conclusion**

For these reasons, Plaintiff respectfully asks this Court to GRANT Plaintiff's Motion for Leave to File a Second Amended Complaint.

---

[8]To be clear, this is not a threat that the undersigned receives frequently. The undersigned does not recall receiving a threat of Rule 11 sanctions before HARRINGTON's counsel's letter of December 15, 2022.

[9]*See ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.*, 355 F. Supp. 3d 785, 791 (D. Minn. 2019) (holding that "bad faith requires more than mere negligence or bad judgment; it is the conscious doing of a wrong because of dishonest purpose or moral obliquity").

JANE DOE, Plaintiff,

By: /s/ *Maren Lynn Chaloupka*
Maren Lynn Chaloupka – NSBA #20864
Chaloupka Law LLC
P.O. Box 1724
1906 Broadway
Scottsbluff, Nebraska  69363-1724
(308) 270-5091
mlc@chaloupkalaw.net

-AND-

Todd Flynn – NSBA #21945
Todd Flynn Law Office, P.C., L.L.O.
Flynn Law Office
P.O. Box 247
Ainsworth, Nebraska 69210
(402) 382-3420
tflynnlaw@threeriver.net

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of February 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Chinedu I. Igbokwe  
Banwo & Igbokwe Law Firm, LLC  
3568 Dodge Street, Suite 100  
Omaha, NE  68131  
nedu@bi-law.com  

Justin W. Pritchett  
Chandler | Conway, P.C., LLO  
1018 Dodge Street, Suite 5  
Omaha, NE 68102  
justin@chandlerconway.com  

Separately, the undersigned hereby certifies that a copy of the foregoing was sent via email to the following, who have indicated that they represent parties to the case, but who have yet to officially enter an appearance:

Michael B. Duffy  
Fraser Stryker, PC, LLO  
500 Energy Plaza  
409 S. 17th Street  
Omaha, NE  68102  
mduffy@fraserstryker.com  

Robert B. Creager  
Anderson, Creager & Wittstruck PC LLO  
1601 Old Cheney Road  
Lincoln, NE 68512  
bob@acwlaw.com  

　　　　　　　　　　　　　　　　　　 /s/ *Maren Lynn Chaloupka*