IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JANE DOE, a victim of sex trafficking; | | |
| Plaintiff, | | **7:25CV5010** |
| vs. | | |
| | | **ORDER** |
| SHANE HARRINGTON, CARL KRAMERSR.,  JAY SEDHI HOSPITALITY, LLC, a Nebraska limited liability corporation; JOEY BAUMBACH, TIMOTHY JEYS, and  MELTECH, INC., | | |
| Defendants. | | |

This matter comes before the court on Plaintiff's Motion to File Under Seal. (Filing No. 43). Plaintiff intends to file a Motion to Proceed Under a Pseudonym, identifying Plaintiff by her name, and she requests permission to file that document under seal. In the interest of judicial economy, the court currently has sufficient information to construe Plaintiff's current motion as a motion to proceed under a pseudonym. The motion will be provisionally granted, subject to reconsideration as set forth herein. Plaintiff will be ordered to file a Civil Cover Sheet using Plaintiff's real name, and she will be permitted to file that document under seal.

1. Identification of Plaintiff - to the Defendants and the Public

"Federal Courts disfavor the use of fictitious names in legal proceedings." *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024). In *Cajune,* the Eighth Circuit

said the use of fictitious names runs afoul of the public's First Amendment interest in public proceedings and their common law right of access thereto." *Id.* In addition, there is nothing in the Federal Rules of Civil Procedure that allows plaintiffs to proceed under pseudonyms. *Id.* Rather, the Federal Rules provide otherwise. Rule 10(a) states that "[t]he title of the complaint must name all the parties." Rule 17(a) requires that "[a]n action ... be prosecuted in the name of the real party in interest."

However, the court has the discretion to allow a party to proceed anonymously in certain situations. *Streblow v. Club 180*, No. 8:25CV241, 2025 WL 2962660, at *1 (D. Neb. Oct. 20, 2025) (citing *Keller v. City of Fremont*, 2011 WL 41902, at *1 (D. Neb. Jan. 5, 2011) (considering whether to allow plaintiffs to proceed anonymously)). In *Cajune,* the Eighth Circuit noted that the circuit had not directly addressed the standard by which a litigant could proceed under a pseudonym, and absent direct guidance, the district courts in the Eighth Circuit applied the standard set forth in the sister circuits. The Eighth Circuit joined sister circuits in holding that "a party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." *Id.*

The Eighth Circuit set forth non-exhaustive factors a district court should consider when determining whether a party may proceed anonymously. Factors weighing in favor of party anonymity include: (1) whether "the party seeking anonymity is challenging government activity"; (2) whether "identification threaten[s] to reveal information of a sensitive and highly personal nature"; (3) whether "a party would be required, absent anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution"; and (4) whether there is a "danger of retaliation," which is "often a compelling ground" in favor of anonymity. *Id.* (internal quotation omitted). Factors weighing against party anonymity include: (1) whether the party's requested anonymity "poses a unique threat of fundamental unfairness to the defendant"; (2) whether "the public's interest in the case is furthered by requiring that the litigants disclose their identities"; and whether "there exist alternative mechanisms that could protect the

confidentiality of the litigants." *Id.* (citations omitted). "Because a district court must exercise discretion in the course of weighing competing interests," a district court's decision to grant or deny a motion to proceed anonymously is reviewed for an abuse of discretion. *Id.* at 1077-78.

This action is brought "pursuant to 18 U.S.C. § 1595, the civil remedy provision of the federal Trafficking Victims Protection Act (TVPA), and 18 U.S.C. § 2255". (Filing No. 1). Plaintiff's motion alleges she was trafficked for sexual activity when she was a minor by a third party, named William Quinn. She states that in the criminal case against Quinn, her identity was protected, and she was referred to by only her initials, and documents containing her full name were filed under seal. The court notes that this is a civil action initiated in federal court by Plaintiff, and the protections afforded to minor victims in state criminal cases may not be identical to the protections this court can provide in a civil case. Nonetheless, after reviewing the complaint and in consideration of the factors set forth by the Eighth Circuit, the court finds that Plaintiff may proceed under a pseudonym at this time. The Complaint contains many allegations of a highly sensitive, personal, and sexual nature. In the pending motion, Plaintiff alleges that she has received threats, believed to have come from associates of Quinn and other persons due to her cooperation in criminal prosecutions in Nebraska. (Filing No. 43). These alleged threats have undoubtedly contributed to her reluctance to use her real name in this case. The complaint is sufficiently detailed such that Defendants can likely easily ascertain Plaintiff's identity and there is little threat of fundamental unfairness to Defendants. *See Cody v. City of St. Louis,* No. 4:17-CV-2707-AGF, 2022 WL 1202354 *2 (E.D. Mo. Apr. 22, 2022) (stating the defendants' knowledge of the plaintiffs' identities "lessens their claims to be prejudiced by the use of pseudonyms") (quoting *Advanced Textile Corp.*, 214 F.3d at 1069 n.11 (9th Cir. 2000)). These factors weigh in favor of Plaintiff proceeding under a pseudonym so her name is not publicly attached to these proceedings.

However, the court is entering this Order prior to Plaintiff effecting service on Defendant Timothy Jeys, and prior to the remaining Defendants' May 4, 2026 answer

deadline. Defendants' positions on this matter are unknown at this juncture. As such, this decision shall be subject to reconsideration, if requested, after the Defendants have answered.

2.  <u>Identification of Plaintiff - to the Court</u>

In response to Plaintiff's Complaint, Defendant Jay Sedhi Hospitality, LLC filed a Motion to Dismiss. (Filing No. 29). In lieu of a response to the motion, Plaintiff filed a Motion to Dismiss Jay Sedhi Hospitality, LLC. (Filing No. 42). Plaintiff and Jay Sedhi Hospitality, LLC stipulated to dismissal without prejudice and to a waiver of certain statute of limitations defenses. (Filing No. 41). The stipulation was accepted by the court on March 30, 2026 and Defendant Jay Sedhi Hospitality, LLC has been dismissed. (Filing No. 44). Chief United States District Judge Robert F. Rossiter, Jr. noted in his order that the court will do its part to facilitate the parties' agreement. (Id). To date, Plaintiff has not noted her identity anywhere on the docket, which could make it difficult for the court to review and/or enforce the stipulation, if needed, in the future. Under the circumstances, Plaintiff's real identity must be known, at the very least known by the court, for the purposes of this litigation. Plaintiff will be ordered to file a Civil Cover Sheet identifying her as the plaintiff. Plaintiff is permitted to file this document under seal.

Plaintiff is advised that in this district, when a <u>sealed</u> document is filed, the CM/ECF system does not provide notice of the electronic filing to all parties and the docket entry for that document is not visible on the court's docket. The parties and the public do not have access to the sealed document unless otherwise ordered by the court. *See* NECivR. 7.5. In comparison, the docket entry for a <u>restricted</u> document is visible, but only the court and the parties may access the document. *See* NECivR 5.3(c). This distinction will undoubtedly be important as this case progresses and the parties should clearly note in future motions to seal or motions to restrict whether the documents are intended to be viewable by the court only (sealed), or by the court and the opposing parties (restricted). Additionally, the parties are directed to carefully review the Local Rules and General Order

No. 2025-04 regarding the storage, management, and access to restricted and sealed documents on CM/ECF, as the court's procedures have recently changed.

Accordingly,

IT IS ORDERED:

1) Plaintiff's Motion to Seal is construed as a Motion to Proceed Under a Pseudonym and is granted. (Filing No. 43) At this early stage, Plaintiff may proceed under the pseudonym Jane Doe.

2) This decision shall be subject to reconsideration upon an appropriate motion for reconsideration by Defendant(s).

3) Plaintiff shall file a Civil Cover Sheet noting her name as a real party in interest on or before April 7, 2026. This document shall be filed under seal and she is not required to provide a copy of the filing to Defendants at this time.

Dated this 30th day of March, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge