IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE, a victim of sex trafficking,<br><br>Plaintiff,<br><br>vs.<br><br>SHANE HARRINGTON d/b/a PARADISE CITY; TIMOTHY JEYS; MELTECH, INC., a Nebraska corporation; CARL KRAMER, SR.; JOEY BAUMBACH; and JAY SEDHI HOSPITALITY LLC, a Nebraska limited liability corporation,<br><br>Defendants. | Case No. 7:25-cv-5010<br><br>**DEFENDANTS SHANE HARRINGTON AND MELTECH, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND CROSSCLAIM** |

COME NOW Defendants Shane Harrington ("Harrington") and MelTech, Inc. ("MelTech") (or collectively, "Defendants"), by and through their undersigned counsel, and answer Plaintiff's Second Amended Complaint as follows. To the extent any allegation is not expressly admitted herein, it is denied.

## INTRODUCTION

1. Defendants deny the allegations in Paragraph 1, including any assertion that Defendants violated 18 U.S.C. § 1595 or 18 U.S.C. § 2255, and specifically denies any allegation of participation in, knowledge of, or benefit from the trafficking or exploitation of Plaintiff. Defendants are without sufficient knowledge as to the remainder of the allegations in Paragraph 1 and therefore deny the same.

2. Defendants deny the allegations in Paragraph 2.

3. Defendants deny that they have been prosecuted and/or convicted of any crime. Defendants are without sufficient knowledge as to the allegations in Paragraph 3 and therefore deny the same.

4. Defendants are without sufficient knowledge as to the allegations in Paragraph 4 and therefore deny the same.

## PARTIES, JURISDICTION, AND VENUE

5. Defendants admit that Shane Harrington is a citizen and resident of Omaha, Douglas County, Nebraska. Defendants admit that Shane Harrington was the principal of MelTech, Inc., which is a Nebraska corporation. Defendants admit that MelTech is no longer in operation. Defendants deny the remainder of the allegations in Paragraph 5 and in footnote 1. Defendants deny that they owned and were doing business as Paradise City at all relevant times. Defendants did not own Paradise City at the time of the allegations in Plaintiff's Second Amended Complaint. Defendants deny that they were ever in a joint venture with Tomothy Jeys.

6. Defendants deny that they were engaged in a joint venture with Defendant Jeys. Defendants are without sufficient knowledge as to the allegations in Paragraph 6 and therefore deny the same.

7. Defendants are without sufficient knowledge as to the allegations in Paragraph 7 and therefore deny the same.

8. Defendants are without sufficient knowledge as to the allegations in Paragraph 8 and therefore deny the same.

9. Defendants are without sufficient knowledge as to the allegations in Paragraph 9 and therefore deny the same.

10. Defendants admit that Plaintiff purports to invoke federal question jurisdiction and venue pursuant to the cited statutes and venue allegations, but denies that venue is proper as to him to the extent based on disputed facts, and denies any violation of 18 U.S.C. §§ 1591, 1595, or 2255.

## FACTUAL BACKGROUND

*DOE and Billy Quinn*

11. Defendants are without sufficient knowledge as to the allegations in Paragraph 11 and therefore deny the same.

12. Defendants are without sufficient knowledge as to the allegations in Paragraph 12 and therefore deny the same.

13. Defendants are without sufficient knowledge as to the allegations in Paragraph 13 and therefore deny the same.

14. Defendants are without sufficient knowledge as to the allegations in Paragraph 14 and therefore deny the same.

15. Defendants are without sufficient knowledge as to the allegations in Paragraph 15 and therefore deny the same.

16. Defendants are without sufficient knowledge as to the allegations in Paragraph 16 and therefore deny the same.

*DOE, Quinn, and KRAMER*

17. Defendants are without sufficient knowledge as to the allegations in Paragraph 17 and therefore deny the same.

18. Defendants are without sufficient knowledge as to the allegations in Paragraph 18 and therefore deny the same.

19. Defendants are without sufficient knowledge as to the allegations in Paragraph 19 and therefore deny the same.

20. Defendants are without sufficient knowledge as to the allegations in Paragraph 20 and therefore deny the same.

21. Defendants are without sufficient knowledge as to the allegations in Paragraph 21 and therefore deny the same.

22. Defendants are without sufficient knowledge as to the allegations in Paragraph 22 and therefore deny the same.

23. Defendants are without sufficient knowledge as to the allegations in Paragraph 23 and therefore deny the same.

24. Defendants are without sufficient knowledge as to the allegations in Paragraph 24 and therefore deny the same.

25. Defendants are without sufficient knowledge as to the allegations in Paragraph 25 and therefore deny the same.

*DOE, Quinn, and Joey "UPS Joe" Baumbach*

26. Defendants are without sufficient knowledge as to the allegations in Paragraph 26 and therefore deny the same.

27. Defendants are without sufficient knowledge as to the allegations in Paragraph 27 and therefore deny the same.

28. Defendants are without sufficient knowledge as to the allegations in Paragraph 28 and therefore deny the same.

29. Defendants are without sufficient knowledge as to the allegations in Paragraph 29 and therefore deny the same.

30. Defendants are without sufficient knowledge as to the allegations in Paragraph 30 and therefore deny the same.

31. Defendants are without sufficient knowledge as to the allegations in Paragraph 31 and therefore deny the same.

32. Defendants are without sufficient knowledge as to the allegations in Paragraph 32 and therefore deny the same.

33. Defendants are without sufficient knowledge as to the allegations in Paragraph 33 and therefore deny the same.

*Joint Venture of HARRINGTON, MELTECH, and JEYS*

34. Defendants deny the allegations in Paragraph 34 and in footnote 2, except that Defendant Shane Harrington admits that he owned or operated certain businesses in his career.

35. Defendants deny the allegations in Paragraph 35, except that Defendant Shane Harrington admits that he owned or operated certain businesses in his career, including some Gentleman's Club businesses. Defendants expressly deny that they committed any wrongdoing and further deny that they owned or operated Paradise City during the time Plaintiff alleges any wrongdoing occurred.

36. Defendants deny the allegations in Paragraph 36 and footnote 3.

37. Defendants deny the allegations in Paragraph 37, except that Defendant Shae Harrington admits he currently resides in Nebraska.

38. Defendants deny the allegations in Paragraph 38, including the existence of any "joint venture" with Defendant Jeys. Defendants admit, however, that they owned the building in which Defendant Jeys owned and operated the Paradise City business following the execution of a Sales Contract and Lease Agreement and that the Sales Contract and Lease Agreement speaks for itself.

39. Defendants deny the allegations in Paragraph 39 and that the Sales Contract and Lease Agreement speaks for itself.

40. Defendants deny the allegations in Paragraph 40 and that the Sales Contract and Lease Agreement speaks for itself.

41. Defendants deny the allegations in Paragraph 41.

*DOE, Quinn, Shane Harrington d/b/a Paradise City and JEYS*

42. Defendants are without sufficient knowledge as to the allegations in Paragraph 42 and therefore deny the same.

43. Defendants are without sufficient knowledge as to whether Quinn knew Jeys and therefore deny the same. Defendants deny the remaining allegations in Paragraph 43.

44. Defendants are without sufficient knowledge as to the allegations in Paragraph 44 and therefore deny the same.

45. Defendants are without sufficient knowledge as to the allegations in Paragraph 45 and therefore deny the same.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

*DOE, Quinn, and Jay Sedhi Hospitality, LLC*

50. Defendants are without sufficient knowledge as to the allegations in Paragraph 50 and therefore deny the same.

51. Defendants are without sufficient knowledge as to the allegations in Paragraph 51 and therefore deny the same.

52. Defendants are without sufficient knowledge as to the allegations in Paragraph 52 and therefore deny the same.

53. Defendants are without sufficient knowledge as to the allegations in Paragraph 53 and therefore deny the same.

54. Defendants are without sufficient knowledge as to the allegations in Paragraph 54 and therefore deny the same.

55. Defendants are without sufficient knowledge as to the allegations in Paragraph 55 and therefore deny the same.

56. Defendants are without sufficient knowledge as to the allegations in Paragraph 56 and therefore deny the same.

57. Defendants are without sufficient knowledge as to the allegations in Paragraph 57 and therefore deny the same.

58. Defendants are without sufficient knowledge as to the allegations in Paragraph 58 and therefore deny the same.

59. Defendants are without sufficient knowledge as to the allegations in Paragraph 59 and therefore deny the same.

60. Defendants are without sufficient knowledge as to the allegations in Paragraph 60 and therefore deny the same.

*The criminal investigation*

61. Defendants are without sufficient knowledge as to the allegations in Paragraph 61 and therefore deny the same.

62. Defendants are without sufficient knowledge as to the allegations in Paragraph 62 and therefore deny the same.

**FIRST CAUSE OF ACTION**
**18 U.S.C. § 1595 and/or 18 U.S.C. § 2255**
**KRAMER AND BAUMBACH**

63. The allegations set forth in Paragraph 63 are directed towards other Defendants in this action, and therefore no response is required. To the extent a response is required, Defendants Harrington and MelTech deny the allegations in Paragraph 63.

64. The allegations set forth in Paragraph 64 are directed towards other Defendants in this action, and therefore no response is required. To the extent a response is required, Defendants Harrington and MelTech deny the allegations in Paragraph 64.

65. The allegations set forth in Paragraph 65 are directed towards other Defendants in this action, and therefore no response is required. To the extent a response is required, Defendants Harrington and MelTech deny the allegations in Paragraph 65.

66. The allegations set forth in Paragraph 66 are directed towards other Defendants in this action, and therefore no response is required. To the extent a response is required, Defendants Harrington and MelTech deny the allegations in Paragraph 66.

67. The allegations set forth in Paragraph 67 are directed towards other Defendants in this action, and therefore no response is required. To the extent a response is required, Defendants Harrington and MelTech deny the allegations in Paragraph 67.

**SECOND CAUSE OF ACTION**
**18 U.S.C. § 1595 and/or 18 U.S.C. § 2255**
**HARRINGTON, MELTECH, and JEYS**

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants note there is no Paragraph 71, therefore no response is required. To the extent a response is required, Defendants deny any allegations.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

**THIRD CAUSE OF ACTION**
**18 U.S.C. § 1595 and/or 18 U.S.C. § 2255 - CONSPIRACY**
**HARRINGTON, MELTECH, and JEYS**

75. Defendants deny the allegations in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants deny the allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 76.

**FOURTH CAUSE OF ACTION**
**18 U.S.C. § 1595 and/or 18 U.S.C. § 2255**
**JAY SEDHI HOSPITALITY**

91. The allegations set forth in Paragraph 91 are directed towards other Defendants in this action, and therefore no response is required. To the extent a response is required, Defendants Harrington and MelTech deny the allegations in Paragraph 91.

92. The allegations set forth in Paragraph 92 are directed towards other Defendants in this action, and therefore no response is required. To the extent a response is required, Defendants Harrington and MelTech deny the allegations in Paragraph 92.

93. The allegations set forth in Paragraph 93 are directed towards other Defendants in this action, and therefore no response is required. To the extent a response is required, Defendants Harrington and MelTech deny the allegations in Paragraph 93.

94. The allegations set forth in Paragraph 94 are directed towards other Defendants in this action, and therefore no response is required. To the extent a response is required, Defendants Harrington and MelTech deny the allegations in Paragraph 94.

95. The allegations set forth in Paragraph 95 are directed towards other Defendants in this action, and therefore no response is required. To the extent a response is required, Defendants Harrington and MelTech deny the allegations in Paragraph 95.

96. The allegations set forth in Paragraph 96 are directed towards other Defendants in this action, and therefore no response is required. To the extent a response is required, Defendants Harrington and MelTech deny the allegations in Paragraph 96.

97. The allegations set forth in Paragraph 97 are directed towards other Defendants in this action, and therefore no response is required. To the extent a response is required, Defendants Harrington and MelTech deny the allegations in Paragraph 97.

98. The allegations set forth in Paragraph 98 are directed towards other Defendants in this action, and therefore no response is required. To the extent a response is required, Defendants Harrington and MelTech deny the allegations in Paragraph 99.

99. The allegations set forth in Paragraph 99 are directed towards other Defendants in this action, and therefore no response is required. To the extent a response is required, Defendants Harrington and MelTech deny the allegations in Paragraph 99.

## DAMAGES

100. Defendants deny the allegations in Paragraph 100.

101. Defendants deny the allegations in Paragraph 101.

102. Defendants deny the allegations in Paragraph 102.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

105. Defendants deny the allegations in Paragraph 105.

## PUNITIVE DAMAGES

106. Defendants deny the allegations in Paragraph 106, including any basis for punitive damages against them.

107. Defendants deny the allegations in Paragraph 107, including that punitive damages are permitted or appropriate under 18 U.S.C. §§ 1595 or 2255 in this action.

## ATTORNEY'S FEES

108. Defendants deny the allegations in Paragraph 108 as to entitlement of attorney's fees against them.

## GENERAL DENIAL

Defendants Harrington and MelTech hereby deny each and every other allegation set forth in Plaintiff's Second Amended Complaint except those expressly admitted herein and those containing admission against the interest of the Plaintiff.

## AFFIRMATIVE DEFENSES

1. Defendants affirmatively allege that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against Defendants under 18 U.S.C. §§ 1595 and/or 2255.

2. Defendants affirmatively allege that Plaintiff cannot establish that Defendants participated in a venture that violated 18 U.S.C. § 1591 with respect to Plaintiff, or that Defendants knowingly benefited from participation in such a venture as required by 18 U.S.C. § 1595.

3. Defendants affirmatively allege that any alleged injuries of Plaintiff were caused by superseding and intervening acts of third parties, including but not limited to the independent criminal conduct of other Defendants in this action, which break the causal chain as to Harrington and MelTech.

4. Defendants affirmatively allege that Plaintiff cannot demonstrate that any act or omission by Defendants was a proximate cause of Plaintiff's alleged injuries.

5. Defendants affirmatively allege that Plaintiff's claim for punitive damages is barred in whole or in part to the extent not authorized by statute or applicable law, or otherwise not warranted on the alleged facts.

6. Defendants affirmatively allege that Plaintiff's claim for attorney's fees is barred in whole or in part to the extent not authorized by statute or applicable law, or otherwise not warranted on the alleged facts.

7. Defendants affirmatively allege that one or more and/or all of the events and/or damages alleged in Plaintiff's Second Amended Complaint were caused in whole or in part by the comparative or contributory fault and/or negligence of other Defendants in this action, their agents, employees, or joint venturers, or third parties presently unknown to Harrington and MelTech.

8. Defendants reserve the right to assert additional defenses as may become applicable upon further development of the facts.

WHEREFORE, Defendants Shane Harrington and MelTech, Inc., pray this Court dismiss Plaintiff's Second Amended Complaint with Prejudice; enter judgment in Defendants' favor; tax the costs of this action to Plaintiff; award Defendants their attorney fees if allowed by law; and award Defendants any further just and equitable relief this Court deems appropriate.

## CROSSCLAIM AGAINST DEFENDANT TIMOTHY JEYS

Defendants/Crossclaim Plaintiffs Shane Harrington and MelTech, Inc. ("Crossclaim Plaintiffs"), by their undersigned attorneys, and as for their Crossclaim against Defendant/Crossclaim Defendant Timothy Jeys ("Jeys"), states as follows:

## BREACH OF CONTRACT

1. Crossclaim Plaintiffs incorporate by reference the foregoing allegations, answers, and affirmative defenses as though fully set forth herein.

2. On or about March 7, 2018, Harrington, MelTech, and Jeys entered into a written Confidential Sales Contract and Lease Agreement (the "Sales Contract") pursuant to which Harrington and MelTech sold the Paradise City business to Jeys. *See* Filing No. 52-1, p. 1-2.

3. Under the Sales Contract, Jeys assumed responsibility for the ownership and operation of the Paradise City business, subject to the terms and conditions set forth therein.

4. Among other obligations, Paragraph 11 of the Sales Contract expressly provides that Jeys, as Buyer, "agrees to follow all Buffalo County, Nebraska State, and Federal laws and ordinances regarding the ownership and operation of Paradise City." Filing No. 52-1, p. 1.

5. The Sales Contract further provides that a violation of federal law or the laws of the State of Nebraska or Buffalo County constitutes a breach of the Sales Contract. *See id.*

6. In her Second Amended Complaint, Plaintiff alleges that, after Jeys purchased the Paradise City business, Jeys knowingly permitted and facilitated sex-trafficking activity involving Plaintiff at Paradise City and engaged in conduct that violated federal law in connection with his ownership and operation of the business.

7. Crossclaim Plaintiffs deny Plaintiff's allegations against them, deny that they participated in or had knowledge of any alleged trafficking of Plaintiff, and deny that Jeys was their employee, agent, or joint venturer at the time of the events alleged in Plaintiff's Second Amended Complaint.

8. Nevertheless, to the extent Plaintiff establishes that Jeys engaged in the conduct alleged in the Second Amended Complaint and that such conduct violated federal law, Nebraska law, or applicable Buffalo County law in connection with his ownership or operation of Paradise City, Jeys breached his express obligations under the Sales Contract.

9. Crossclaim Plaintiffs performed all obligations required of them under the Sales Contract material to the claims asserted herein.

10. As a direct and proximate result of Jeys's breach of the Sales Contract, Crossclaim Plaintiffs have suffered and continue to suffer damages arising from claims asserted against them based upon or attributable to Jeys's alleged unlawful conduct in the ownership and operation of Paradise City.

11. To the extent Crossclaim Plaintiffs are held liable to Plaintiff based upon or attributable to Jeys's conduct constituting a breach of the Sales Contract, Crossclaim Plaintiffs are entitled to recover from Jeys any amounts they are legally required to pay as a result of such conduct, together with all other consequential and compensatory damages recoverable under applicable law.

12. Crossclaim Plaintiffs are therefore entitled to judgment against Jeys for all damages proximately caused by his breach of the Sales Contract in an amount to be determined at trial.

WHEREFORE, Defendants/Crossclaim Plaintiffs Shane Harrington and MelTech, Inc. respectfully request that judgment be entered in their favor and against Defendant/Crossclaim Defendant Timothy Jeys for all damages caused by his breach of the Sales Contract, together with costs, such attorney fees as may be recoverable by law, pre- and post-judgment interest as permitted by law, and such other and further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Defendants Shane Harrington and MelTech, Inc. hereby demand a trial by jury on all matters so triable as set forth herein, in Plaintiff's Second Amended Complaint, and in their Crossclaim against Timothy Jeys.

DATED this 27th day of August 2026.

SHANE HARRINGTON d/b/a PARADISE CITY and MELTECH, INC., Defendants,

By: *_/s/ Michael B. Duffy_*

Michael B. Duffy, #27529
FRASER STRYKER PC LLO
1501 Mike Fahey Street, Suite 400
Omaha, NE 68102
(402) 341-6000 (telephone)
(402) 341-8290 (facsimile)
mduffy@fraserstryker.com
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Brief was filed electronically on August 27, 2026, with the United States District Court for the District of Nebraska using the CM/ECF system, which sent notification of such filing to all counsel of record.

By: */s/ Michael B. Duffy*
Michael B. Duffy, #27529